# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Shanteria Marshall, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Account Services Collections, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Shanteria Marshall, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.  The Plaintiff, Shanteria Marshall ("Plaintiff"), is an adult individual residing in Decatur, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(10).

5.  Defendant Account Services Collections, Inc. ("Account"), is a Texas business entity with an address of 1802 NE Loop 410, Suite 400, San Antonio, Texas 78217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as defined by 47 U.S.C. § 153(10).

6.  Does 1-10 (the "Collectors") are individual collectors employed by Account and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Account at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.  The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Account for collection, or Account was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. The Facts

12.    Within the last four years, Account began placing calls to Plaintiff in an attempt to collect the Debt.

13.    At all times mentioned herein, Account placed calls to Plaintiff's cellular telephone, number 770-xxx-1480, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

14.    When Plaintiff answered a call from Account she experienced a brief period of silence before being connected to a live representative.

15.    On numerous occasions Plaintiff requested that Account cease calls to her cellular telephone, most recently during the week of January 6, 2014.

16. However, Account continues to place calls to Plaintiff's cellular telephone number at an annoying and harassing rate placing up to ten calls daily.

17. Plaintiff did not provide her cellular telephone number to Account nor her consent to Account to be contacted at her cellular telephone number.

18. Further, Plaintiff did not provide her cellular telephone number to the Creditor nor her consent thereto to be contacted at her cellular telephone number.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

27. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

28. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

29. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

30. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. At all times referenced herein and within the last four years, Defendants placed calls to Plaintiff on her cellular telephone by using an automated telephone dialer system and/or predictive dialer, without having first obtained Plaintiff's express consent.

33. The TCPA prohibits the use of a predictive dialer, defined as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. When a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

34. Account's telephone dialing systems have some earmarks of a predicative dialer, as Plaintiff experienced dead air and a period of silence prior to the call being transferred to a representative.

35. Upon information and belief, Account's telephone dialing systems have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. Defendants placed calls to Plaintiff's cellular telephone using a predictive dialer knowing that it lacked consent to call her number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

37. The telephone number called by Account was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. The calls from Account to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

40. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT IV

## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

42. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

43. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

44. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

45. Defendants could reasonably foresee its conduct would cause mental anguish and emotional distress to Plaintiff.

46. Plaintiff did indeed suffer mental anguish and emotional distress including paranoia and depression.

47. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## COUNT V

## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Georgia.

50. The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

51. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent,

wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 12, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Shanteria Marshall
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com